### (December 26, 1978)

■ MILDRED BRITT, Appellant, v BARBARA GILDEN et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Queens County, entered April 28, 1976, which is in her favor, upon a jury verdict. Judgment reversed, on the law and as a matter of discretion, and new trial granted upon the issue of damages only, with costs to abide the event, unless within 30 days after entry of the order to be made hereon, defendants shall serve and file in the office of the clerk of the trial court a written stipulation consenting to increase the verdict in favor of plaintiff to $2,500, and to the entry of an amended judgment accordingly, in which event the judgment, as so increased and amended, is affirmed, without costs or disbursements. The damages awarded were inadequate to the extent indicated herein. Martuscello, J. P., Titone, Shapiro and O'Connor, JJ., concur.

■ ANNA M. BABEY-BROOKE, Petitioner, v BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated August 2, 1978, which dismissed petitioner's appeal from an order of the State Division of Human Rights, which, after a hearing, dismissed the petitioner's complaint upon a finding of no probable cause. Order confirmed and proceeding dismissed, without costs or disbursements. We conclude that the determination of the commissioner of the State division, dismissing petitioner's complaint on the merits, was based upon substantial evidence. Under the circumstances, it is not necessary to reach the procedural question involving the five-month delay by the State division in submitting the record to the State Human Rights Appeal Board. Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.